MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
john.battenfeld@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:  +1.213.612.2500
Fax:  +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
David J. Rashe, Bar No. 318400
david.rashe@morganlewis.com
Kevin J. Bohm Jr., Bar No. 329569
kevin.bohm@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:  +1.714.830.0600
Fax:  +1.714.830.0700

Attorneys for Defendant
U.S. NURSING CORPORATION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERNERICA GREENE, TROY FAIBVRE, MAYADA HAMODA, EBONY GUTHRIE, and MONINQUE LEWIS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. NURSING CORPORATION; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:  **'24CV1796 BTM BJC**<br><br>San Diego County Superior Court, Case No. 37-2023-00044348-CU-OE-CTL<br><br>**DEFENDANT U.S. NURSING CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332, 1441, 1446, and 1453] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant U.S. Nursing Corporation ("Defendant" or "U.S. Nursing"), by and through its counsel, removes the above-entitled action to this Court from the Superior Court of the State of California, County of San Diego, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million. This removal is based on the grounds stated herein.

## I.   PROCEDURAL BACKGROUND

1. On October 12, 2023, Plaintiffs Jernerica Greene, Troy Faibvre, and Mayada Hamoda ("Plaintiffs") filed a putative class action complaint in the Superior Court of California, County of San Diego, entitled *Jernerica Greene, Troy Faibvre, Mayada Hamoda, on behalf of themselves and others similarly situated v. U.S. Nursing Corporation; and DOES 1-20, inclusive*, Case No. 37-2023-00044348-CU-OE-CTL (the "Complaint"). Plaintiffs served the Summons and the Complaint on Defendant on October 18, 2023. True and correct copies of the Complaint, Summons, and all documents served with the Complaint and Summons are attached as **Exhibits A, B, and C**, respectively.

2. On February 28, 2024, Plaintiffs filed a first amended complaint consolidating this action with another putative class action and adding as named plaintiffs, Ebony Guthrie and Monique Lewis (Guthrie and Lewis are also referred to as "Plaintiffs"), entitled *Jernerica Greene, Troy Faibvre, Mayada Hamoda, Ebony Guthrie, and Monique Lewis, on behalf of themselves and others similarly situated v. U.S. Nursing Corporation; and DOES 1-20, inclusive*, Case No. 37-2023-00044348-CU-OE-CTL (the "FAC"). Plaintiffs served the FAC on Defendant on February 28, 2024. A true and correct copy of the FAC is attached as **Exhibit D**.

3.  A true and correct copy of all other pleadings, process, and orders served upon Defendant in the San Diego Superior Court action are attached as **Exhibit E**.

4.  Exhibits A, B, C, D, and E constitute all the pleadings, process, and orders served upon or by Defendant in the San Diego Superior Court action.

## II. REMOVAL IS TIMELY

5.  This Notice of Removal is timely, pursuant to 28 U.S.C. sections 1446(b)(3) and 1453, because it is filed within 30 days of Defendant's receipt of Plaintiffs' mediation brief ("Mediation Brief")—an "other paper" for purposes of removal—on September 5, 2024. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007). Because the thirtieth day following service of the Mediation Brief fell on Saturday, October 5, 2024, and this Notice of Removal is being filed by "the end of the next day that is not a Saturday, Sunday, or legal holiday," pursuant to Fed. R. Civ. P. 6(a)(1)(C), it is timely under 28 U.S.C. sections 1446(b)(3) and 1453. *Biag v. King George – J&J Worldwide Servs. LLC*, 2020 WL 4201192, *3 n.1 (S.D. Cal. July 22, 2020) (Bashant, J.) (applying method for computing and extending time under Rule 6 and finding notice of removal timely filed). No previous notice of removal has been filed or made with this Court for the relief sought herein.

## III. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

6.  This lawsuit is a putative class action.[1] (FAC ¶ 1, 30.) Removal under the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. sections 1441, 1446, and 1453 because: (i) diversity of citizenship exists between at least one putative class member and Defendant; (ii) the aggregate number of putative class members in the proposed class is 100 or greater; and (iii) the Complaint places in controversy more than $5 million, exclusive of interest and costs. 28 U.S.C. §§

---

[1] Defendant denies, and reserves the right to contest at the appropriate time, that this action can properly proceed as a class action. Defendant further denies Plaintiffs' claims and denies that they can recover any damages or penalties.

1332(d)(2), (d)(5)(b), 1453.[2] Although Defendant denies Plaintiffs' factual allegations and denies that Plaintiffs—or the class they purport to represent—are entitled to the relief requested in the FAC, based on Plaintiffs' own damages estimates prepared with the assistance of an expert, all requirements for jurisdiction under CAFA have been met in this case.

### A. Diversity of Citizenship Exists

7. To satisfy CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

8. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is determined by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

---

[2] Defendant denies Plaintiffs' factual allegations and denies that Plaintiffs and members of the putative class are entitled to any relief whatsoever.

9. In their FAC, Plaintiffs allege that Defendant "provides replacement labor staffing for employers involved in labor disputes in California" and employed Plaintiffs "to work for Defendants' clients engaged in a labor disputed inside California." (FAC ¶¶ 1, 11.) Plaintiffs allege that, "[a]t all relevant times," they were residents of Arkansas (Plaintiff Greene), Mississippi (Plaintiff Faibvre), New Jersey (Plaintiff Hamoda), Washington (Plaintiff Guthrie), and Texas (Plaintiff Lewis). (*Id.* ¶¶ 6-10.) The FAC does not allege any alternative place of residence of state of citizenship for Plaintiffs. On information and belief, Plaintiffs intend to remain in Arkansas, Mississippi, New Jersey, Washington, and Texas, respectively. Accordingly, Plaintiff Greene was and is domiciled in Arkansas and, therefore, is a citizen of Arkansas for purposes of removal. Plaintiff Faibvre was and is domiciled in Mississippi and, therefore, is a citizen of Mississippi for purposes of removal. Plaintiff Hamoda was and is domiciled in New Jersey and, therefore, is a citizen of New Jersey for purposes of removal. Plaintiff Guthrie was and is domiciled in Washington and, therefore, is a citizen of Washington for purposes of removal. Plaintiff Lewis was and is domiciled in Texas and, therefore, is a citizen of Texas for purposes of removal. Plaintiffs are not citizens of Colorado.

10. For purposes of establishing diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings. . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). U.S. Nursing is organized under the laws of the State of Colorado. (FAC ¶ 11.) U.S. Nursing's principal place of business and corporate

headquarters are in Greenwood Village, Colorado, where its officers direct, control, and coordinate corporate activities. U.S. Nursing does not have any corporate offices in California, Arkansas, Mississippi, New Jersey, Washington, or Texas.

11. Defendant is now, and was at the time of the filing of this action, a citizen of Colorado for purposes of determining diversity jurisdiction under CAFA. Therefore, diversity of citizenship exists under CAFA because at least five members of the putative class—Plaintiffs—are citizens of a state different than Defendant. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

### B. The Putative Class Has More Than 100 Members

12. CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members. Plaintiffs seek to represent themselves and "[a]ll of Defendants' non-exempt employees who were assigned to work for any of Defendants' clients engaged in a labor dispute inside California during the Class Period." (FAC ¶ 33.) Plaintiffs define the "Class Period" as "any time from four years prior to the filing of this Complaint until the date of trial." (*Id.*) Based on Plaintiffs' definition and according to U.S. Nursing's business records, the putative class includes more than 12,000 non-exempt employees of Defendant who were assigned to work at one or more of Defendant's clients involved in a labor dispute in California on or after February 21, 2019. Thus, the putative class contains more than 100 members.

### C. Plaintiffs' Own Damages Estimates Establish An Amount In Controversy In Excess of $5,000,000[3]

---

[3] This Notice of Removal addresses the nature and amount of damages that the FAC places in controversy based on Plaintiffs' damages estimates contained in the Mediation Brief. U.S. Nursing refers to specific damages estimates solely to establish that the amount in controversy exceeds the jurisdictional minimum. U.S. Nursing maintains that each of Plaintiffs' claims lack merit and that U.S. Nursing is not liable to Plaintiffs or any putative class member in any amount whatsoever. No statement

13. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

14. A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. It is beyond dispute that "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal citations omitted); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement 'short and plain' need not contain evidentiary submissions").

15. The ultimate inquiry is what amount a complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (holding that in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy").

16. Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the

---

or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the FAC or otherwise. In addition, U.S. Nursing denies that this case is suitable for class treatment.

viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42. As the United States Supreme Court has advised, "no antiremoval presumption attends case invoking CAFA" because Congress intended to "facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 87.

17. U.S. Nursing denies Plaintiffs' factual allegations and denies that they or the putative class they seek to represent are entitled to any of the relief for which Plaintiffs have prayed. Plaintiffs' FAC does not identify an amount in controversy as to any of their claims, or allege any facts from which Defendant could reasonably assume claimed violation rates. To the contrary, the FAC only alleges that violations occurred "from time to time," and as to the claim for waiting time penalties, alleges only that "some members of the Class" are owed waiting time penalties, and expressly asserts that Plaintiffs "do not allege that all separated members of the Class are owed waiting time penalties or that they are owed the full 30-day penalty under Labor Code § 203, because it is unknown to them at this time whether Defendants paid some of the separated members of the Class all their owed wages upon separation or paid them all their owed wages less than 30 days after their separation." (FAC ¶¶ 21, 24-29, 41, 47, 53, 59, 66, 70, 74, 79, 84-85.)

18. On September 6, 2024, the parties participated in a mediation. In advance of the mediation, Plaintiffs' counsel asked that Defendant provide specific information to facilitate the mediation and an assessment of the potential exposure and/or damages in this action. Among other things, Defendant provided Plaintiff with the number of putative class members meeting Plaintiffs' class definition, the total number of workweeks the putative class members had worked during the class period, and a sampling of putative class members' time and pay records.

19. Without being requested by Defendant, Plaintiffs' counsel voluntarily provided Defendant's counsel with a copy of Plaintiffs' Mediation Brief on

September 5, 2024, which was titled "Plaintiffs Mediation Brief (Submitted to OC, 9.5.24).pdf."

20. Plaintiffs' Mediation Brief included a damages assessment that valued Defendant's total exposure on the putative class claims, excluding interest, costs and civil penalties, at **$429,806,198**. This is well in excess of $5 million and establishes that CAFA's jurisdictional threshold is satisfied. *Babasa*, 498 F.3d at 974 (finding letter sent to defendant's counsel "to make mediation more meaningful" and estimating damages at over $5 million gave defendant notice of removability under CAFA). This sum does not include Plaintiffs' request for reasonable attorneys' fees authorized by statute.

21. The Ninth Circuit has expressly held that a defendant's ability to remove an action under CAFA is triggered pursuant to section 1446(b) by its receipt of a letter from plaintiff's counsel sent in preparation for mediation that contained damages estimates, and that a defendant can waive the right to remove if it does not timely remove thereafter. *Babasa*, 498 F.3d at 974-75 (concluding that California's mediation privilege does not apply to prevent a mediation communication from constituting section 1446(b) notice for removal purposes); *Ali v. Setton Pistachio of Terra Bella, Inc.*, 2019 WL 6112772, at *4 (E.D. Cal. Nov. 18, 2019) (finding damages model presented during mediation was an "other paper" for purposes of section 1446(b) creating grounds for removal based on the amount in controversy); *Tetravue, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2015 WL 13828630, at *2 (S.D. Cal. Apr. 8, 2015) (finding mediation brief admissible and relevant to determination that amount in controversy exceeded minimum for removal jurisdiction).

22. Plaintiffs' Mediation Brief states itemized calculations of the claimed damages they calculated based on their retained expert's analysis for each one of their claims. Their Mediation Brief provides the following information about the amounts in controversy that the FAC completely lacked:

a. **Meal Break Claim:** Plaintiffs contend that based on the data reviewed Plaintiffs calculate that the exposure for the meal break violation claim, without interest or penalties, is **$4,180,881**.

b. **Rest Break Claim:** With respect to rest breaks, Plaintiffs contend that based on witness interviews, Plaintiffs calculate the exposure for the rest break claim, without interest or penalties, to be **$4,370,084**.

c. **Travel Time Claim (Unpaid Wages):** Plaintiffs contend U.S. Nursing required putative class members to travel without pay, and Plaintiffs estimate that this claim, without interest or penalties, is worth **$10,161,579**.

d. **Training Time Claim (Unpaid Wages):** Plaintiffs contend that based on data, Defendant did not pay putative class members for the actual time they spent completing job-specific modules, and that based on interviews they estimate that, on average, putative class members spent 2 hours completing modules without pay per assignment. Plaintiffs calculate this claim, exclusive of interest and penalties, to be worth **$2,252,099**.

e. **Weekly Overtime Claim:** Plaintiffs contend that the entirety of the time putative class members spent completing orientation should have been paid as weekly overtime Plaintiffs estimate that this claim, exclusive of interest and penalties, is worth **$1,034,002**.

f. **Expense Reimbursement Claim:** Plaintiffs contend Defendant required putative class members to use their personal electronic devices for work purposes and that putative class members incurred meal costs during their assignments. Plaintiffs contend the data shows that this claim, exclusive of interest and penalties, is worth **$952,323**.

g. **Waiting Time Penalty Claim:** Plaintiffs contend that there are 11,956 terminated employees owed waiting time penalties and calculate waiting time penalties in the total amount of **$405,663,180**.

   h. **Wage Statement Penalty Claim:** Plaintiffs contend that all wage statements were non-compliant and that based on 17,110 pay periods during the one-year limitations period, Plaintiffs calculate statutory wage statement penalties in the amount of **$1,192,050**.

  **D.** **The Amount in Controversy Exceeds $5 Million**

  23. Aggregating the amounts above now raised by Plaintiffs, , the amount in controversy in this action, according to Plaintiffs, is: **$429,806,198 ($4,180,881** + **$4,370,084** + **$10,161,579** + **$2,252,099** + **$1,034,002** + **$952,323** + **$405,663,180** + **$1,192,050**). The CAFA jurisdictional threshold requirement of $5 million is clearly satisfied, even without assessing Plaintiffs' claim for attorneys' fees.

**IV.** **VENUE**

  24. This action was originally filed in the San Diego County Superior Court. Initial venue is therefore proper in this district pursuant to 28 U.S.C. §§ 84(d), 1441(a), and 1446(a), and because it encompasses the county in which this action has been pending.

**V.** **NOTICE**

  25. U.S. Nursing will promptly serve this Notice of Removal on Plaintiffs and will promptly file a copy of this Notice of Removal with the clerk of the state court in which this action is pending, as required under 28 U.S.C. § 1446(d).

**VI.** **CONCLUSION**

  26. Based on the foregoing, U.S. Nursing respectfully requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, U.S. Nursing respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is subject to removal.

///

///

| | |
|---|---|
| Dated: October 7, 2024 | MORGAN, LEWIS & BOCKIUS LLP<br><br>By: */s/ John S. Battenfeld*<br>    John S. Battenfeld<br>    David J. Rashé<br>    Kevin J. Bohm Jr.<br>    Attorneys for Defendant<br>    U.S. NURSING CORPORATION |